IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICKEY C. WEBB,**

        Plaintiff,

        v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

        Defendant.

No. CV 08-1067-HU

OPINION & ORDER

**MOSMAN, J.**,

On December 3, 2009, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") (#33) in the above-captioned case recommending that I AFFIRM the Commissioner's decision. Plaintiff Mickey Webb filed objections (#40) to the F&R.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review,

PAGE 1 - OPINION & ORDER

under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

For the reasons stated below, I adopt in part and reject in part Judge Hubel's F&R. I REMAND the matter to the Administrative Law Judge for further proceedings not inconsistent with this opinion.

I.   **Objections**

The facts of this case are described in the F&R and need not be repeated. In his F&R, Judge Hubel recommended that the decision of the Commissioner rejecting Mr. Webb's claim be affirmed. (F&R (#33) 18.) Mr. Webb objected to the F&R on three grounds. (*See* Pl.'s Objections (#40) 2-4.) Mr. Webb argues that: (1) the Ninth Circuit's credibility findings were not limited to the Administrative Law Judge's ("ALJ") Step 2 determination; (2) the ALJ did not provide a full and fair hearing by failing to call a medical expert; and (3) the ALJ did not provide a full and fair hearing by failing to allow the opportunity for Mr. Webb to cross-examine the vocational expert. (*Id.*) Upon review, I adopt the portion of Judge Hubel's F&R regarding the Ninth Circuit's credibility findings. I write separately on the two objections regarding a full and fair hearing.

A.   *Medical Testimony*

Mr. Webb's second objection alleges that he was deprived of a full and fair hearing by the ALJ's failure to call a medical expert after earlier comments during the second hearing that one

would be called. (*See* Pl.'s Objections (#40) 3.) By not calling a medical expert for this complex case, Mr. Webb asserts that he was deprived of the opportunity to develop the record through the cross-examination of an expert and therefore was denied a fair hearing. (*Id.* at 4.) Mr. Webb argues that the Ninth Circuit required the ALJ to develop the medical record and that the ALJ's failure to call the expert contravened that order.[1] (Pl.'s Br. (#22) 31.) The Ninth Circuit discussed the ALJ's duty to supplement Mr. Webb's medical records but did not specify if this duty was limited to the Step 2 analysis only or was generally applicable to each step of the analysis.[2]

An ALJ has an affirmative duty to assist a social security claimant in developing the record at each step of the social security analysis. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 n.3 (9th Cir. 1999) (noting that the ALJ's affirmative duty to develop the record is similar to sharing the burden of proof at each step of the analysis). The ALJ's affirmative duty remains in place even when a claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

Upon remand from the Ninth Circuit, the ALJ held a second hearing where Mr. Webb had the opportunity to provide additional information and call witnesses to support his claim. (F&R (#33) 3.) At the second hearing, the ALJ stated that the federal courts wanted the ALJ to look at

---

[1] The Ninth Circuit stated that "The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence [or] the ALJ's own finding that the record is inadequate . . . ." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The court went on to say that "Here, the medical evidence was sufficiently ambiguous to trigger the ALJ's duty because of the obvious vicissitudes in Webb's health, particularly the ways in which his conditions improved and worsened as a result of the afflictions and their treatments." *Id.*

[2] "[T]he ALJ had an affirmative duty to supplement Webb's medical record, to the extent it was incomplete, before rejecting Webb's petition at so early a stage in the analysis." *Webb*, 433 F.3d at 687.

PAGE 3 - OPINION & ORDER

additional information. (2006 Tr. 1.) The ALJ then noted that although the Ninth Circuit's decision did not require the calling of a medical expert, medical testimony would be helpful in Mr. Webb's case. (*Id.*) At the time of the hearing, the ALJ had an expert available, but of a medical specialty unrelated to Mr. Webb's condition. (Pl.'s Br. (#22) 30.) Mr. Webb objected and asked for an expert in a specialty more related to his condition, such as an orthopedist. (*Id.* at 30-31.) The ALJ agreed to find an expert of a more appropriate specialty at a later date. (*Id.*) During the testimony of a vocational expert at the same hearing, the ALJ mentioned that there was going to be later input from an orthopedist if the ALJ could find one. (2006 Tr. 43.) The ALJ issued his decision on Mr. Webb's claim without receiving any later input from an orthopedist. The decision does not make clear why the ALJ never called a medical expert before reaching a determination regarding Mr. Webb's claim.

      I question whether the ALJ fulfilled his affirmative duty to assist Mr. Webb in developing the medical record after taking the initial steps to call a medical expert. The ALJ's statements on the record regarding the helpfulness of a medical expert evidence a need for additional information to supplement Mr. Webb's record. After considering the ALJ's statements regarding an expert and the Ninth Circuit's remarks regarding the ALJ's need to supplement the record, I remand this matter to the ALJ with instructions to call a medical expert and re-evaluate Mr. Webb's claim in light of that testimony, or provide an explanation as to why a medical expert was no longer necessary to develop the record and re-issue his decision.

      **B.**    *Vocational Testimony*

      Mr. Webb's final objection asserts that he was deprived of a full and fair hearing by not having the opportunity to cross-examine the vocational expert ("VE") during the second hearing.

PAGE 4 - OPINION & ORDER

(Pl.'s Objections (#40) 4-5.) Mr. Webb asserts that he had questions prepared for the VE but was unable to ask them because of the continuance granted to find a medical expert, depriving him of the opportunity to fully try his case. (*Id.*)

When determining if a claimant can do past relevant work for Step 4 of the analysis, an ALJ may elicit testimony from a VE, but is not required to do so. *See* 20 C.F.R. § 404.1560(b) (2009). If called, a VE may offer testimony regarding the mental and physical demands of a claimant's past work. *Id.* Further, a VE may opine on whether a claimant can meet the demands of his or her past work in response to a hypothetical question. *Id.* The testimony of a VE in response to a hypothetical is commonly used to determine if a claimant can work in another type of occupation if the analysis progresses to Step 5. *Tackett*, 180 F.3d at 1100-01. When a witness is called during a social security proceeding, the claimant is not entitled to unlimited cross-examination, but only that which is necessary for the full and true disclosure of the facts. *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983); *see also* 5 U.S.C.A. § 556(d) (2010). The ALJ has the discretion to decide whether cross-examination of a witness is necessary. *Id.* An ALJ abuses this discretion if a claimant's request to cross-examine a witness whose report is crucial to the ALJ's decision is denied. *Id.*

During the second hearing, the ALJ called a VE for testimony on a relatively limited basis. (*See* 2006 Tr. 42-44.) The VE noted that she disagreed with a prior VE's testimony[3] and

---

[3] The ALJ called VE James Green to testify in the first hearing, and VE Lynn Jones to testify in the second hearing. The record does not indicate with which part of Mr. Green's testimony Ms. Jones disagreed. During the first hearing, Mr. Green discussed the occupational definitions related to Mr. Webb's past work, as well as the corresponding exertion levels. (*See* 2002 Tr. 39.) Mr. Green described two of Mr. Webb's past jobs as being categorized as those of a retail store manager. (*Id.*) Mr. Green noted that retail store manager positions usually are classified as light work, but Mr. Webb performed the positions as if they required medium work.

PAGE 5 - OPINION & ORDER

then immediately discussed the occupational definition she felt best fit Mr. Webb's past job titles. (*Id.*) The VE did not opine on whether Mr. Webb could return to his former work but limited her testimony to what occupational definitions Mr. Webb's past work were categorized in and what level of work was required in those occupations. (*Id.*) Mr. Webb was never given the opportunity to question the VE during the hearing. (*See id.*) Following the limited testimony of the VE, the ALJ ended the hearing. (*Id.* at 45.) Before mentioning the VE's testimony in his decision, the ALJ examined Mr. Webb's history[4] and determined that Mr. Webb could engage in medium work while adequately addressing his medical needs. (*See* 2006 Decision 13.) The ALJ then referenced the hearing testimony to find that Mr. Webb's past work qualified as medium work and concluded that Mr. Webb could still engage in his past relevant work. (*Id.*)

After considering the record and the very narrow topic testified to by Ms. Jones, I find that the lack of opportunity for cross-examination did not deprive Mr. Webb of a full and fair hearing. The ALJ was not required to call a VE during the hearing, and he limited such testimony so that a hypothetical was not needed. Any reliance placed on the testimony of either VE was limited to determining in which occupational definitions Mr. Webb's past work should be categorized. Such limited reliance did not necessitate cross-examination by Mr. Webb and the ALJ did not abuse his discretion by failing to provide the opportunity.

---

(*Id.* at 39-40.) Ms. Jones categorized Mr. Webb's past employment as that of a working manager in a retail department manager position. (2006 Tr. 33-34.) Ms. Jones stated that jobs in this occupational category require medium work. (*Id.* at 34.)

[4] The ALJ's decision includes a thorough discussion of Mr. Webb's personal and medical history. (*See* 2006 Decision 4-14.) After an examination of the activities Mr. Webb engaged in during the covered period and the results of diagnostic tests in the record, the ALJ determined that limiting Mr. Webb to medium work would enable him to address his disc disease and hypertension-related issues. (*See id.* at 13.)

PAGE 6 - OPINION & ORDER

## CONCLUSION

I adopt the portion of Judge Hubel's F&R as it relates to the applicability of the Ninth Circuit's credibility findings. Writing separately, I address Mr. Webb's objection and find that allowing the VE's testimony did not make the hearing unfair. Finally, I REMAND the issue of medical expert testimony to the ALJ for further proceedings. On remand, the ALJ should call a medical expert of an appropriate specialty and then determine the validity of Mr. Webb's claim based on the expanded record, or alternatively, provide an explanation as to why such testimony is no longer necessary to determine the validity of Mr. Webb's disability claim.

IT IS SO ORDERED.

DATED this  2nd  day of March, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court