1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF OREGON

9                     PORTLAND DIVISION

10

11  **MICKEY C. WEBB,**

12          Plaintiff,                Case No. CV 08-1067-HU

13      v.
                                      **FINDINGS AND**
14  **MICHAEL J. ASTRUE**, Commissioner  **RECOMMENDATION**
    of Social Security,

15
            Defendant.
16

17

Linda Ziskin
18  P.O. Box 2237
Lake Oswego, Oregon 97035
19      Attorney for plaintiff

20  Dwight Holton
Acting United States Attorney
21  District of Oregon
Adrian L. Brown
22  Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
23  Portland, Oregon 97204

24  Willy M. Le
Special Assistant United States Attorney
25  Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
26  Seattle, Washington 98104
        Attorneys for defendant

27

28  FINDINGS AND RECOMMENDATION Page 1

1  HUBEL, Magistrate Judge:

2  **Procedural Background**

3  Plaintiff Mickey C. Webb brought this action for judicial
4  review of the Commissioner's final decision denying him Disability
5  Insurance benefits under Title II of the Social Security Act. On
6  December 1, 2009, I issued Findings and a Recommendation that the
7  Commissioner's decision be affirmed (doc. # 33). Plaintiff objected
8  to the Findings and Recommendation. On March 2, 2010, Judge Mosman
9  adopted my Findings and Recommendation in part, but rejected my
10 recommendation with respect to medical expert testimony (doc. #
11 42). Judge Mosman remanded that issue to the Commissioner for
12 further proceedings. Id. Plaintiff now seeks attorney's fees and
13 costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412
14 (EAJA).

15 **Discussion**

16 1.  "Substantially justified"

17 Attorney fees are to be awarded to Social Security claimants
18 who win a "sentence four" remand for further administrative
19 proceedings, unless the Commissioner shows that his position with
20 respect to the issue on which the district court based remand was
21 substantially justified. 28 U.S.C. § 2412(d)(1)(A); Corbin v.
22 Apfel, 149 F.3d 1051 (9th Cir. 1998).

23 To determine whether the government's position was
24 substantially justified for purposes of the EAJA, the court must
25 apply a reasonableness standard. Flores v. Shalala, 49 F.3d 562,
26 570 (9th Cir. 1995). The standard is met if the government

27

28 FINDINGS AND RECOMMENDATION Page 2

1  establishes that its position had a "reasonable basis both in law

2  and fact." <u>Kali v. Bowen</u>, 854 F.2d 329, 332 (9th Cir. 1988).

3  The Commissioner argues that his position was substantially

4  justified because I concluded in my Findings and Recommendation

5  that the Commissioner's decision should be affirmed. The

6  Commissioner relies on <u>Pierce v. Underwood</u>, 487 U.S. 552, 565

7  (1988)(position is substantially justified if it is "justified to

8  a degree that could satisfy a reasonable person.") This argument is

9  not persuasive. The fact that one other court agreed or disagreed

10 with the government does not establish whether its position was

11 substantially justified. <u>Pierce</u>, 487 U.S. at 569. Judge Mosman

12 disagreed with my Findings and Recommendation, and wrote separately

13 to explain why. Among other things, Judge Mosman noted that the

14 Court of Appeals had instructed the ALJ to take additional

15 evidence; that the ALJ acknowledged that instruction; that medical

16 testimony would be helpful; and that the ALJ agreed to attempt to

17 find an orthopedist if possible, but then issued his decision

18 without receiving evidence from an orthopedist. Judge Mosman

19 observed, "The decision does not make clear why the ALJ never

20 called a medical expert before reaching a determination regarding

21 Mr. Webb's claim." Opinion and Order filed March 2, 2010 (doc. #

22 42), p. 4. Judge Mosman questioned whether the ALJ had fulfilled

23 his duty to assist plaintiff in developing the record, because his

24 statements on the record about the helpfulness of a medical expert

25 demonstrated a need for additional information. <u>Id.</u>

26 ///

27

28 FINDINGS AND RECOMMENDATION Page 3

1    As Judge Mosman noted in his Opinion and Order, a magistrate

2  judge makes only recommendations to the court; the court is not

3  bound by such recommendations, but retains responsibility for

4  making the final determination. The court is free to accept,

5  reject, or modify any of the magistrate judge's Findings and

6  Recommendations. 28 U.S.C. § 636(b)(1)(C).

7    Judge Mosman's Opinion and Order establishes that the

8  Commissioner's position was not substantially justified.

9    2.   Reasonableness of fees requested

10    Plaintiff requests fees in the amount of $8,504.

11    The court has discretion in determining the reasonableness of

12  a fee award. Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir.

13  2008). Even in the absence of objections by the opposing party, the

14  court has an independent duty to scrutinize a fee request to

15  determine its reasonableness. Gates v. Deukmejian, 987 F.2d 1392,

16  1401 (9th Cir. 1993). According to counsel's declaration, she spent

17  a total of 49.3 hours on the case. EAJA sets a rate ceiling of $125

18  per hour "unless the court determines that an increase in the cost

19  of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(1).

20  To adjust for the cost of living, this jurisdiction applies the

21  consumer price index for all urban consumers (CPI-U). Jones v.

22  Espy, 10 F.3d 690, 692-93 (9th Cir. 1993)(CPI-U applied for all

23  items, not just legal services).

24    In Harden v. Commissioner, 497 F. Supp.2d 1214, 1215 (D. Or.

25  2007), Judge Mosman has observed that "[t]here is some consensus

26  among the district courts that 20-40 hours is a reasonable amount

27

28  FINDINGS AND RECOMMENDATION Page 4

1  of time to spend on a Social Security case that does not present

2  particular difficulty." (citing cases). Judge Mosman held that

3  absent unusual circumstances or complexity, "this range provides an

4  accurate framework for measuring whether the amount of time counsel

5  spent is reasonable." Id. at 1216. See also Gill v. Commissioner,

6  CV 07-812-HU (D. Or. December 10, 2008). This case did not present

7  issues that were either unusual or complex. Plaintiff made three

8  arguments (improper credibility findings, rejection of lay witness

9  testimony, and failure to call a medical expert) for reversing the

10 ALJ's decision, all of are typical of Social Security cases. I find

11 nothing in this case that justifies a total number of hours greater

12 than the high end of the range identified by Judge Mosman and other

13 courts. I conclude that 40 hours is reasonable.

14     EAJA sets a ceiling of $125 per hour "unless the court

15 determines that an increase in the cost of living ... justifies a

16 higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of

17 living, this jurisdiction applies the consumer price index for all

18 urban consumers (CPI-U). Jones v. Espy, 10 F.3d 690, 692-93 (9th

19 Cir. 1993).

20     The CPI-U for July 2010 (the most recent month for which

21 information is available) is 218.011 (table available at

22 http://www.bls.gov/cpi/cpid1007.pdf). The adjusted hourly rate is

23 therefore $175.10. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463

24 n. 4 (9th Cir. 1988)(adjusted rate = EAJA ceiling of $125 per hour

25 multiplied by the CPI-U for the current month (218.011), divided by

26 the CPI-U for the month Congress adopted the current EAJA ceiling,

27

28 FINDINGS AND RECOMMENDATION Page 5

1  March 1996 (155.7). Forty hours multiplied by $175.10 produces a

2  total fee of $7,004.

3      3.  Costs

4      Plaintiff seeks to recover the filing fee ($350) and costs and

5  reimbursement for copying and postage ($21.60). A prevailing party

6  entitled to fees and expenses under the EAJA can recover costs and

7  litigation expenses under two distinct EAJA provisions. The statute

8  provides that "a court shall award to a prevailing party other than

9  the United States fees and other litigation expenses, in addition

10 to any costs awarded pursuant to subsection (a)(1), incurred by

11 that party in any civil action..." 28 U.S.C. § 2412(d)(1)(A). This

12 means that the prevailing party is entitled to both "costs"

13 pursuant to subsection (a)(1) and "litigation expenses" pursuant to

14 subsection (d)(1)(A).

15     Recoverable costs under EAJA subsection (a)(1) are governed by

16 28 U.S.C. § 1920, which compensates parties for fees of the clerk

17 and marshal, fees of the court reporter, fees and disbursements for

18 printing and witnesses, fees for exemplification and copies of

19 papers, docket fees, and compensation of court appointed personnel.

20 But the EAJA also awards "fees and other expenses" incurred in the

21 litigation, under subsection (d)(1)(A). The EAJA defines other

22 expenses as "the reasonable expenses of expert witnesses, the

23 reasonable cost of any study, analysis, engineering report, test,

24 or project which is found by the court to be necessary for the

25 preparation of the party's case...." 28 U.S.C. § 2412(d)(2)(A).

26 This provision has been interpreted as expanding rather than

27

28 FINDINGS AND RECOMMENDATION Page 6

1  contracting the expenses that are compensable under the statute.

2  See Int'l Woodworkers of America v. Donovan, 792 F.2d 762, 767 (9th

3  Cir. 1985)(holding that expenses enumerated under 28 U.S.C. §

4  2412(d)(2)(A) are examples, not an exclusive list). The court in

5  Int'l Woodworkers upheld EAJA awards that included compensation for

6  telephone calls, postage, and air courier expenses.  769 F.2d at

7  767. Thus plaintiff should be awarded in costs in the amount of

8  $371.60.

9  **Conclusion**

10  I recommend that plaintiff be awarded fees and costs under

11  EAJA in the amount of $7,004 as fees and $371.60 for costs.

12  **Scheduling Order**

13  These Findings and Recommendation will be referred to a

14  district judge. Objections, if any, are due December 13, 2010. If

15  no objections are filed, then the Findings and Recommendation will

16  go under advisement on that date. If objections are filed, then a

17  response is due December 30, 2010.  When the response is due or

18  filed, whichever date is earlier, the Findings and Recommendation

19  will go under advisement.

20

21  Dated this 23rd   day of November, 2010.

22                                          /s/ Dennis J. Hubel

23                                    _____

24                                          Dennis James Hubel
                                           United States Magistrate Judge
25

26

27

28  FINDINGS AND RECOMMENDATION Page 7