1

2

3

4

5

6

7                        **UNITED STATES DISTRICT COURT**

8                            **DISTRICT OF OREGON**

9                            **PORTLAND DIVISION**

10
**MICKEY C. WEBB,**                        )
11                                          )
                    Plaintiff,             )        03:08-01067-HU
12                                          )
        v.                                 )
13                                          )        **FINDINGS AND**
**MICHAEL J. ASTRUE,**                     )        **RECOMMENDATION**
14 Commissioner of Social Security,        )
                                            )
15                  Defendant.             )
                        _____
16
Linda S. Ziskin
17 Ziskin Law Office
P.O. Box 2237
18 Lake Oswego, OR 97035

19      Attorneys for Plaintiff

20 S. Amanda Marshall
United States Attorney
21 Adrian L. Brown
Assistant United States Attorney
22 1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
23
David M. Blume
24 Special Assistant United States Attorney
Office of the General Counsel
25 Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
26 Seattle, WA 98104-7075

27      Attorneys for Defendant

28

FINDINGS AND RECOMMENDATION        1

HUBEL, Magistrate Judge:

This matter comes before the court on counsel's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b). The § 406(b) fee requested is $43,141.10,[1] which represents slightly less than 25 percent of the retroactive benefits awarded.[2] Based on the factors established in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), and explained in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), the motion should be granted and a § 406(b) fee of $43,141.10 should be awarded to Plaintiff's counsel. The previously awarded Equal Access to Justice Act ("EAJA") fee of $7,004.00 should be refunded to Plaintiff.

## I.  *PROCEDURAL BACKGROUND*

Plaintiff filed an application for benefits on July 18, 2000, alleging an onset date of May 1991. The application was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on January 14, 2002, before Administrative Law Judge ("ALJ") John Madden. The ALJ issued a decision finding Plaintiff not disabled on February 4, 2002. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff sought review in this court and, on March 9, 2004, the Commissioner's decision was affirmed. *See Webb v. Barnhart*,

---

[1] Plaintiff's counsel's motion indicates that she is requesting $44,141.10 in § 406(b) fees; however, Plaintiff's counsel has agreed to "take a voluntary reduction of $1,000, and avers that she will return that money directly to Mr. Webb, in addition to the EAJA fee of $7,004.00." (Pl.'s Mem. Supp. at 6.)

[2] Under 42 U.S.C. § 406(b), the court may award a reasonable fee no more than 25 percent of the claimant's retroactive award.

FINDINGS AND RECOMMENDATION    2

Case No. 06:03-cv-00015-AA (D. Or. filed Mar. 9, 2004). Plaintiff appealed and the Ninth Circuit remanded the case in a published opinion. *See Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005).

Upon remand, the case returned to ALJ Madden, who conducted another hearing on December 6, 2006, and issued a new decision on February 16, 2007, again finding Plaintiff not disabled. Soon thereafter, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. Plaintiff appealed.

On December 1, 2009, this court issued a Findings and Recommendation, affirming the Commissioner's decision.

On March 2, 2010, Judge Mosman issued an Opinion and Order, remanding the case to the ALJ with instructions to call an appropriate medical expert and re-evaluate Plaintiff's claim.

On remand, Plaintiff was found to be disabled and awarded benefits.

## II.   LEGAL STANDARD

### A.   Section 406(b)

In Social Security cases, attorney fee awards are governed by § 406(b), which provides, in pertinent part, that:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

### B.   Controlling Precedent

*Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817 (2002) concerned fees awarded under § 406(b). Specifically, the

FINDINGS AND RECOMMENDATION      3

1  Supreme Court addressed the question, which sharply divided the
2  Federal Courts of Appeals: "What is the appropriate starting point
3  for judicial determinations of a reasonable fee [under § 406(b),]
4  for representation before the court?"  *Id.*

5      For the purposes of the opinion, the Supreme Court
6  consolidated three separate actions where the District Court, based
7  on Circuit precedent, declined to give effect to the attorney-
8  client fee arrangement.  *Id.* at 797.  Instead, the District Court
9  employed a lodestar method whereby the number of hours reasonably
10 devoted to each case was multiplied by a reasonable hourly fee.
11 *Id.* at 797-98.  The Court concluded that § 406(b) requires a court
12 to review the contingent-fee arrangement, to assure they yield
13 reasonable results.  *Id.* at 807.  Congress provided one boundary
14 line, *e.g.*, contingent-fee agreements are unenforceable if they
15 exceed 25 percent of past-due benefits.  *Id.*  But, within that 25
16 percent boundary, "*the attorney for the successful claimant must*
17 *show that the fee sought is reasonable for the services rendered.*"
18 *Id.* (emphasis added).

19     Courts are instructed to first test the contingent-fee
20 agreement for reasonableness.  *Id.* at 808.  An award of § 406(b)
21 fees can be appropriately reduced based on (1) the character of the
22 representation; (2) the results achieved; (3) when representation
23 is substandard; (4) if the attorney is responsible for delay; and
24 (5) if the benefits are large in comparison to the amount of time
25 counsel spent on the case.  *Id.*  The claimant's attorney may be
26 required to submit a record of hours spent representing the
27 claimant and a statement of the lawyer's normal hourly billing
28 charge for noncontingent-fee cases in order to aid the court's

FINDINGS AND RECOMMENDATION     4

1   assessment of reasonableness.  *Id.*  Finally, the *Gisbrecht* court
2   stated that, "[j]udges of our district courts are accustomed to
3   making reasonableness determinations in a wide variety of contexts,
4   and their assessments in such matters, in the event of an appeal,
5   ordinarily qualify for highly respectful review."  *Id.*

6       In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en
7   banc), the Ninth Circuit reviewed three consolidated appeals and
8   determined that, in each case, the district court failed to comply
9   with *Gisbrecht's* mandate.  *Crawford*, 586 F.3d at 1144.  In each of
10  the three cases, the claimant signed a written contingent fee
11  agreement whereby the attorney would be paid 25 percent of any
12  past-due benefits awarded.   The *Crawford* court noted that
13  contingency-fee agreements, which provide for fees of 25 percent of
14  past-due benefits, are the norm for Social Security practitioners.
15  *Id.* at 1147.  However, since the Social Security Administration
16  ("SSA") "has no direct interest in how much of the award goes to
17  counsel and how much to the disabled person, the district court has
18  an affirmative duty to assure the reasonableness of the fee is
19  established." *Id.* at 1149.  Performance of that duty begins by
20  asking whether the amount of the fee agreement should be reduced.
21  *Id.*

22      The district courts' decisions, in each of the consolidated
23  cases, were overruled by the Ninth Circuit because they relied "on
24  lodestar calculations and reject[ed] the primacy of lawful
25  attorney-client fee agreements."  *Id.* at 1150 (citing *Gisbrecht*,
26  535 U.S. at 793, 122 S.Ct. 1817).  Specifically, the district
27  courts erroneously began with a lodestar calculation by comparing
28  the lodestar fee to the requested fee award.  *Id.*  The attorneys

FINDINGS AND RECOMMENDATION      5

1  requested fees representing 13.94%, 15.12%, and 16.95% of past-due

2  benefits.  *Id.* at 1145-47.  "*The attorneys . . . themselves*

3  *suggested that the full 25% fee provided for by their fee*

4  *agreements would be unreasonable.*"  *Id.* at 1150 n.8.  If the

5  attorneys had received the 25 percent fee provided for by their

6  agreements, they would have been awarded fees ranging from

7  $19,010.25 to $43,055.75.  *Id.* at 1150.  The district courts,

8  however, reduced the contracted fees by between 53.7% and 73.30%

9  and ultimately awarded fees that represented 6.68% to 11.61% of the

10  past-due benefits.  *Id.*  The Ninth Circuit went on to state that:

11      In *Crawford*, for example, the district court awarded
        6.68% of the past-due benefits.  From the lodestar point
12      of view, this was a premium of 40% over the lodestar. .
        . . But from the contingent-fee point of view, 6.68% of
13      past-due benefits was over 73% less than the contracted
        fee and over 60% less than the discounted fee the
14      attorney requested.  Had the district court started with
        the contingent-fee agreement, ending with a 6.68% fee
15      would be a striking reduction from the parties' fee
        agreement.  This difference underscores the practical
16      importance of starting with the contingent-fee agreement
        and not just viewing it as an enhancement.

17  *Id.* at 1150-51.  In *Washington* and *Trejo*, the district court

18  reduced the already discounted fees the attorneys requested by 23%

19  and 47%, respectively.  *Id.* at 1151 n.9.

20      Importantly, the Ninth Circuit also noted that *Gisbrecht* "did

21  not provide a definitive list of factors that should be considered

22  in determining whether a fee is reasonable or how those factors

23  should be weighed[.]" *Id.* at 1151.  They went on to cite *Mudd v.*

24  *Barnhart*, 418 F.3d 424(4th Cir. 2005), for the proposition that:

25  "The [Supreme] Court did not provide a definite list of factors to

26  be considered because it recognized that the judges of our district

27

28

FINDINGS AND RECOMMENDATION       6

1  are accustomed to making reasonableness determinations in a wide
2  variety of contexts." *Id.* (citing *Mudd*, 418 F.3d at 428).

3                        ***III.   DISCUSSION***

4                      ***A.   The Fee Arrangement***

5       Plaintiff and his counsel have agreed to a contingent-fee
6  agreement which is within the statutory limits.  I will therefore
7  proceed to examine whether the fee sought exceeds § 406(b)'s 25
8  percent ceiling, which requires evidence of total past-due
9  benefits.  *Dunnigan v. Astrue*, No CV 07-1645-AC, 2009 WL 6067058,
10 at *9 (D. Or. Dec. 23, 2009).

11      The Social Security Administration ("SSA") withholds 25
12 percent of a claimant's past due benefits in order to pay the
13 approved lawyer's fee.  In this case, the SSA withheld $44,141.10
14 from Plaintiff's past due benefits, which demonstrates that the
15 $43,141.10 in § 406(b) fees sought by Plaintiff's counsel is within
16 the statutory ceiling.

17            ***B.   The Reasonableness of the § 406(b) Fee***

18      Since the statutory ceiling has not been exceeded, I turn now
19 to my primary inquiry, the reasonableness of the fee sought.
20 Plaintiff's counsel seeks $43,141.10 in § 406(b) fees in this case.
21 After applying the *Gisbrecht* factors, as interpreted by *Crawford*,
22 I find that Plaintiff's counsel has demonstrated that this fee is
23 reasonable.

24 ***1.  Character of Representation***

25      Substandard performance by a legal representative warrants a
26 reduction in a § 406(b) fee award, as *Gisbrecht* and *Crawford* make
27 clear.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.
28 Examples of substandard representation include poor preparation for

FINDINGS AND RECOMMENDATION      7

hearings, failing to meet briefing deadlines, submitting documents to the court that are void of legal citations, and overbilling one's clients. *Dunnigan*, 2009 WL 6067058, at *11 (citing *Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246, 250-51 (6th Cir. 1983)).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation.

## 2.  The Results Achieved

"The circumstances of the case in which the result is achieved . . . are important to the court's assessment of this factor. The inquiry focuses on whether counsel's efforts made a 'meaningful and material contribution towards the result achieved[.]'" *Dunnigan*, 2009 WL 6067058, at *11 (citing *Lind v. Astrue*, No. SACV 03-01499 AN, 2009 WL 499070, at *4 (C.D. Cal. 2009)).

The procedural history of this case demonstrates that Plaintiff's counsel faced considerable adversity in obtaining an award of benefits for her client. Reduction under this factor is not warranted.

## 3.  Delay Attributable to the Attorney

The court may reduce a § 406(b) fee for delays in the proceedings attributable to the claimant's attorney. *Crawford*, 586 F.3d at 1151. The *Gisbrecht* court observed that a reduction on this ground is appropriate if the requesting attorney inappropriately caused delay in proceedings, so that the attorney "will not profit from the accumulation of benefits" while the case is pending. *Gisbrecht*, 535 U.S. at 808.

FINDINGS AND RECOMMENDATION      8

Here, Plaintiff's counsel states, "[b]riefing was completed promptly, and although several extensions were obtained for submission of the various briefs, that was not for purposes of delay, but rather was to allow adequate time for the attorney to draft a thorough and persuasive brief in light of the complexity of this case[.]" (Pl.'s Mem. Supp. at 6.)

No evidence in the record suggests that the requests were intended to cause delay in the proceedings.  The extensions granted were limited in duration and were rather insignificant, considering Plaintiff filed his application for benefits nearly twelve years ago.  Accordingly, reduction under this factor is not warranted.

**4. *Proportionality of the Fee Request to the Time Expended***

The court may reduce a § 406(b) fee "for . . . benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. 1817).  The Supreme Court explained, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.  In making this determination, the court may look to counsel's record of hours spent and a statement of normal hourly billing. *Crawford*, 586 F.3d at 1151.

According to Plaintiff's counsel, 116 hours were reasonably expended on the merits of this case, which results in an effective hourly rate of $371.91 ($43,141.10/ 116) if the requested fee was approved.[3]

---

[3]   Without taking into account Plaintiff's counsel's $1,000 voluntary reduction, the effective hourly rate would be $380.53 ($44,141.10/ 116).

1    In *Harden v. Comm'r*, 497 F. Supp. 2d. 1214 (D. Or. 2007),
2  Judge Mosman observed that "[t]here is some consensus among the
3  district courts that 20-40 hours is a reasonable amount of time to
4  spend on a Social Security case that does not present particular
5  difficulty." *Id.* at 1215.  Judge Mosman also stated that absent
6  unusual circumstances or complexity, "this range provides an
7  accurate framework for measuring whether the amount of time counsel
8  spent is reasonable." *Id.* at 1216.

9    The history of this case shows that it is exceptional.  There
10  have been three ALJ hearings, two appeals to the District Court
11  (one with a decision by this magistrate judge that was briefed
12  further and reviewed by the district judge), and an appeal to the
13  Ninth Circuit.  The result obtained from the plaintiff's view is
14  very good. The 116 hours claimed by counsel falls within the
15  reasonable range for this procedural history.

16    At 116 hours, the effective hourly rate is $371.91.  Although
17  the effective hourly rate in this case is higher than the fee the
18  court would normally recommend be approved in the run-of-the-mill
19  social security case, the procedural history of this case is not
20  typical.  When looking at the appropriate factors to evaluate
21  reasonableness, I note that the character of the representation was
22  professional, dogged and the results obtained exceptional in the
23  end.  Rather than being standard or substandard, the representation
24  was well above standard.  While the benefits are large, the time
25  required was substantial.  I recommend approval of the fee
26  requested of $43,141.10 as reasonable.  The factors that justify
27  this fee are the very factors that distinguish this case and make
28

FINDINGS AND RECOMMENDATION    10

it inappropriate as precedent for attorney fee awards in standard social security cases.

In short, *Crawford* made clear that district courts have an "affirmative duty" to assure the reasonableness of a § 406(b) fee award because the SSA "has no direct interest in how much of the award goes to counsel and how much to the disabled person[.]" *Id.* at 1149.  I find that a reduction is not warranted in this case.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney fees pursuant to § 406(b) should be GRANTED.  Plaintiff's counsel should be awarded $43,141.10 in § 406(b) fees less $7,004.00 in EAJA fees.

## V.   SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due **March 2, 2012**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a response is due **March 19, 2012**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 13th day of February, 2012.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
Unites States Magistrate Judge

FINDINGS AND RECOMMENDATION      11